NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0462n.06

No. 20-4125

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Oct 13, 2021<br>DEBORAH S. HUNT, Clerk |
| *Plaintiff-Appellee*, | ) ) |  |
| v. | ) ) | ON APPEAL FROM THE |
| CARL JOHNSON, | ) ) | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| *Defendant-Appellant*. | ) ) ) |  |

Before: SILER, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Twice in three months, police caught Carl Johnson, a convicted felon, with a gun and drugs in his possession. Johnson pled guilty to two counts of being a felon in possession of a firearm, one count of possessing a firearm in furtherance of drug trafficking, and one count of possessing crack cocaine with intent to distribute. The district court imposed a prison sentence of 180 months—a downward variance of seven years from Johnson's guidelines range. Johnson now argues that recent Supreme Court precedent requires reversal of his convictions and that his sentence was procedurally and substantively unreasonable. We disagree and affirm.

I.

In February 2018, an Ohio highway patrolman pulled Carl Johnson over in Cleveland for driving without a front license plate. The patrolman smelled marijuana inside Johnson's car.

Officers eventually searched the car and found marijuana as well as a .40 caliber pistol, ammunition, crack cocaine, and a scale with white residue. On May 8, 2018, based on the February traffic stop, a federal grand jury indicted Johnson for being a felon in possession of a firearm and ammunition, *see* 18 U.S.C. § 922(g)(1).

Two days after the grand jury indicted Johnson, ATF agents and Cleveland police officers came to his home with a warrant. Officers arrested Johnson and searched his home and car, where all together they found a loaded .45 caliber pistol, ammunition, crack cocaine, powder cocaine, marijuana, digital scales, $655 in cash, and five cell phones. Johnson admitted that he also flushed "like a gram" of drugs down the toilet while the officers waited at his door. A federal grand jury then issued a superseding indictment, adding another count of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), as well as possession of crack cocaine with intent to distribute, *see* 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possessing a firearm in furtherance of drug trafficking, *see* 18 U.S.C. § 924(c)(1)(A)(i).

Johnson pled guilty to all four counts. At sentencing, the district court calculated a guidelines range of 262 to 327 months, based in part on Johnson's status as a career offender. After weighing the sentencing factors listed in 18 U.S.C. § 3553(a), the district court sentenced Johnson to 180 months in prison. This appeal followed.

II.

Johnson argues that his felon-in-possession conviction is invalid in light of the Supreme Court's decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019). Johnson did not make this argument in the district court and concedes that we review it only for plain error. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). In *Rehaif*, the Supreme Court held that, to prove a violation of § 922(g), the government "must show that the defendant knew" that he was a felon

when he possessed the firearm. 139 S. Ct. at 2194. But on plain-error review the burden is reversed: the defendant must show that he was unaware that he was a felon when he possessed the gun. *See Greer v. United States*, 141 S. Ct. 2090, 2097-98 (2021). Johnson has not even tried to make that showing here, so we reject his claim.

Johnson next argues that the district court erred in its determination that he qualified as a career offender. A prior offense counts as a predicate offense towards a defendant's status as a career offender if, among other things, it caused him to be "incarcerated during any part" of the 15-year period preceding his present offense. U.S.S.G. § 4A1.2(e)(1), 4B1.1. Here, Johnson was arrested for his present offenses on May 10, 2018; and Johnson left prison for the predicate offense at issue on May 26, 2003 meaning his sentence for that offense fell within the 15-year period by about two weeks. The district court thus concluded that this prior offense—cocaine trafficking, for which Johnson spent nearly 16 months in state prison—counted towards his status as a career offender.

At the sentencing hearing, Johnson himself asserted—in response to questioning by the district court—that, based on jail-time credit, he should have been released from prison for that prior offense in April 2003. That would have put the release date for the prior cocaine offense outside the 15-year window. Thus, Johnson argued, that offense should not count towards his status as a career offender. The district court disagreed, explaining that the actual date of release controls whether an offense falls within the 15-year window. Johnson's counsel expressly agreed with the district court's reasoning. *See generally United States v. Ruiz*, 777 F.3d 315, 320 (6th Cir. 2015).

We set aside the question whether Johnson's counsel waived this argument, because the argument plainly fails on the merits. The Sentencing Guidelines direct the district court to

determine whether the defendant was "incarcerated" during the relevant period and provide no exception for a hypothetically correct release date. *See* U.S.S.G. § 4A1.2(e)(1); *United States v. Patillar*, 595 F.3d 1138, 1141 (10th Cir. 2010) (declining to look to the date a defendant should have been released); *United States v. Adams*, 403 F.3d 1257, 1260 (11th Cir. 2005) (similar). That is precisely what the district court did here. Johnson contends that the result of that rule's application is arbitrary in this case: had he been released from prison for his earlier offense only weeks earlier, his sentence now might be years shorter. But in this context, as in many others, the law draws lines that themselves have serious consequences. And those consequences can cut either way: had Johnson been mistakenly released just before the 15-year window, he surely would not agree that he ought to be treated as a career criminal. Nor would he agree that the government could indict him 16 days after the expiration of the applicable statute of limitations for an offense. The district court correctly applied the law in determining Johnson's guidelines range.

Johnson's remaining arguments are insubstantial. He argues that, because his § 924(c) conviction required a mandatory-minimum sentence, the district court should have expressly discussed whether to reduce his sentence for the other convictions. *See generally Dean v. United States*, 137 S. Ct. 1170 (2017). Johnson did not present this argument in the district court, so we review it only for plain error. *See Bostic*, 371 F.3d at 872-73. There was none: the relevant law permits but does not require a district court to consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Dean*, 137 S. Ct. at 1178. The district court therefore had no obligation to address this point *sua sponte* during Johnson's sentencing hearing. And the sentencing transcript otherwise makes clear that the district court knew that Johnson was subject to a mandatory-minimum sentence.

Johnson next argues that the district court inadequately explained his sentence. Specifically, Johnson says, the district court should have discussed Johnson's putative role as a caregiver for his brother.  But Johnson did not object on this ground either in the district court, so again we review for plain error.  *See Bostic*, 371 F.3d at 872-73.  Again there was none: the district court amply explained its sentence and was not required to address the caregiver point expressly. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007).

Johnson also argues that his sentence was substantively unreasonable—notwithstanding that it was seven years below the low end of his guidelines range.  That argument is meritless: Johnson does little more than assert that his sentence was longer than necessary.  Finally, Johnson argues that his counsel provided constitutionally ineffective assistance in the district court.  We typically address such claims in a 28 U.S.C. § 2255 petition rather than on direct review.  Johnson offers no reason to do otherwise here.

*       *       *

The district court's judgment is affirmed.